UNITED STATES of America, Plaintiff–Appellee, Cross–Appellant,

v.

Stanley Bruce RITTER and Guy Val Bliss, Defendants–Appellants, Cross–Appellees.

Nos. 92–10081, 92–10082 and 92–10114.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 1993.

Decided March 25, 1993.

320

Richard F. Cornell, Glynn B. Cartledge, Reno, NV, for defendants-appellants-cross-appellees.

Brian L. Sullivan, Asst. U.S. Atty., Reno, NV, for plaintiff-appellee-cross-appellant.

Before: FARRIS, WIGGINS, and NOONAN, Circuit Judges.

FARRIS, Circuit Judge:

Guy Val Bliss and Stanley B. Ritter were convicted of conspiracy to make an unregistered pipe bomb and to cause travel in interstate commerce in the commission of murder-for-hire, making an unregistered pipe bomb and aiding and abetting, and receipt and possession of an unregistered pipe bomb. Ritter was also convicted of transferring an unregistered pipe bomb. Both defendants appeal.

The government cross-appeals the district court's decision to set-aside Bliss and Ritter's conviction for using or carrying a destructive device "during and in relation to a crime of violence." 18 U.S.C. § 924(c) (1988).

We Reverse in part and Affirm in part.

## FACTS

Dan McInerney met with Agent Joseph Ruzevich of the Bureau of Alcohol, Tobacco and Firearms in February 1990. McInerney and his wife, Joanne, agreed to become informants for the ATF.

Between 1989 and 1991, Ray Haynie had been living with his girlfriend, Judy McKee, at his home in Reno, Nevada. In Mid–January 1991, Haynie returned home from his job in Sacramento and discovered McKee had moved out. She had moved in with Guy Val Bliss. Haynie confronted McKee at the casino where she worked. McKee testified that Haynie threatened to kill her and Bliss.

On March 9, 1991, Bliss visited the McInerneys. He told them that he wanted to kill Haynie. McInerney mentioned that he had a friend (Stanley Ritter) who knew how to make pipe bombs. He suggested that Bliss bomb Haynie. Ritter arrived and McInerney introduced him to Bliss. The three men talked about ways to hook-up a bomb to Haynie's truck. Bliss told Ritter that he wanted to see Haynie dead and that he would enjoy watching Haynie's truck go up in flames with him inside.

On March 15, 1991, coconspirators McInerney and Agent Ruzevich, and defendant Bliss met at the McInerneys' house. Ruzevich, who was working undercover, explained to Bliss the procedure for detonating a bomb under Haynie's truck. He told Bliss that he had an installer who had done this type of work before. Bliss told Ruzevich that he wanted Haynie to blow-up "over the hill" in Sacramento. Bliss claimed to have a source for M–16s. He promised to call the source for Ruzevich.

Ritter arrived after the conversation between Bliss and Ruzevich had been completed. Ritter handed a pipe bomb to Agent Ruzevich. Bliss paid Ritter for the bomb. The next week, McInerney accompanied Bliss to a pawn shop where Bliss obtained a .357 Ruger handgun. Bliss left the store, loaded the gun and said that tonight he would get Haynie. McInerney called the Bureau of Alcohol, Tobacco and Firearms and Bliss was arrested later that day. ATF agents arrested Ritter the next week.

## I. CONSPIRACY TO VIOLATE 18 U.S.C. § 1958.

The government charged the defendants with conspiracy to cause travel in interstate commerce to commit murder-for-hire. 18 U.S.C. section 1958(a) provides in relevant part:

> Whoever travels in or causes another … to travel in interstate or foreign commerce, or uses or causes another … to use the mail or any facility in interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, shall be … imprisoned not more than ten years….

*Id.* The government might have chosen to prosecute the defendants under a different statute with elements that more appropriately fit the crime. Although we do not review this exercise of prosecutorial discretion, we must determine whether the government has proven every element of the charged crime. Viewing the evidence in the light most favorable to the government, could a reasonable jury find the defendants guilty beyond a reasonable doubt of each essential element of the crime charged? *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We must answer in the negative.

■ A conspiracy requires 1) an agreement to accomplish an illegal purpose, 2) coupled with one or more acts in furtherance of the illegal purpose, and 3) the intent necessary to commit the underlying substantive offense. *United States v. Pemberton,* 853 F.2d 730, 733 (9th Cir. 1988). A section 1958 violation consists of the following elements: 1) to travel or cause another to travel in interstate commerce, 2) with the intent that a murder be committed, 3) as consideration for the receipt of or promise to pay anything of pecuniary value. *See* § 1958.

■ The intent to pay someone to commit murder is therefore a critical element of "murder-for-hire". Ritter did not know that anyone would be paid to commit murder. He was not a party to any of the conversations between Bliss and Ruzevich that pertained to exchanging M–16s for Haynie's murder. Nothing in the record suggests that he knew about those conversations. The evidence is therefore insufficient to find that Ritter made an agreement or had the requisite intent to violate Section 1958. Because he did not agree or intend to commit the underlying offense, Ritter is not guilty of conspiracy.

■ Neither is Bliss, because his only coconspirators were government agents. *See United States v. Escobar de Bright,* 742 F.2d 1196, 1199–1200 (9th Cir.1984). "[T]here can be no indictable conspiracy with a government informer who secretly intends to frustrate the conspiracy." *Id.* at 1198 (citations omitted). The government's informant, McInerney, arranged for Bliss to purchase a bomb and to "hire" a "killer," who was himself a government agent. As we explained in *Escobar de Bright,* "[a]llowing a government agent to form a conspiracy with only one other party would create the potential for law enforcement officers to 'manufacture' conspiracies when none would exist absent the government's presence." *Id.* at 1200.

■ The government also failed to show that Bliss agreed to pay something of economic value in exchange for Haynie's murder. In fact, Agent Ruzevich explicitly stated that he would not charge Bliss for the murder. In reference to the murder, Ruzevich used the phrase "if it goes down". In reference to the guns he said, "we're talking M–16s" and "hopefully we'll get some M–16 guns". Bliss's "promise" provides no real consideration. Bliss said that he would put "a chill" on the guns and that he would give his source "a hollar" (sic). Such tentative and ambiguous language cannot support the finding that the parties made a contract.

The government argues that Ritter received consideration for the murder. He was paid $70 to build a bomb, not to commit murder. Without evidence of consider-

ation or an agreement, the record can not support the verdict.

## II. ENTRAPMENT INSTRUCTIONS.

As there was insufficient evidence to convict the defendants of conspiracy to commit murder-for-hire, it is irrelevant whether the entrapment instructions prejudiced their defense to that count. In relation to the remaining charges, we find no defect in the court's instructions. Although the defendant is entitled to an instruction on his theory of the case, we review challenges which merely pertain to the trial judge's language for an abuse of discretion. *United States v. Marabelles*, 724 F.2d 1374, 1382–83 (9th Cir.1984).

The court explained to the jury that it was not improper for the government to use undercover agents to investigate crime. The defendants argue that the instruction effectively prevented the jury from finding government inducement. We have approved similar "undercover agent" instructions in other conspiracy cases. *United States v. North*, 746 F.2d 627, 630 (9th Cir.1984).

The first paragraph instructed the jury that if it found that the defendants were not predisposed to commit the charged crime, it must acquit. The judge explained, however, that merely providing the opportunity for the defendants to commit the crime did not constitute entrapment. The judge gave balanced entrapment instructions.

## III. BLISS' CONVICTION FOR AIDING AND ABETTING THE MAKING OF AN UNREGISTERED PIPE BOMB.

Bliss argues that there was insufficient evidence to convict him on Count II. An aider and abettor is liable as a principal if he participates in a criminal venture or seeks by his actions to make it succeed. *United States v. Savinovich*, 845 F.2d 834, 838 (9th Cir.), *cert. denied*, 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988). "It is only necessary that the appellant counseled and advised the commission of the

crime, and that the counsel and advice influenced the perpetration of the crime." *United States v. Barnett*, 667 F.2d 835, 841 (9th Cir.1982) (citations omitted).

Bliss told Ritter that he wanted to see Haynie go up in flames. Ritter agreed to build a pipe bomb that would do the job. There is sufficient evidence to support a finding that Bliss counseled or encouraged Ritter to construct the bomb.

## IV. BLISS' CONVICTION ON COUNT FOUR.

Count IV charges Bliss with possession of an unlawful pipe bomb, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 (1988). The government alleged that Bliss was in "constructive possession" of the bomb. Constructive possession involves: 1) the defendant's exclusive control over the premises where the contraband is found, or 2) the defendant's knowledge of the weapon and his power and intention to exercise dominion and control over it. *United States v. Terry*, 911 F.2d 272, 278 (9th Cir.1990).

Ritter had actual possession of the bomb until he gave it to Ruzevich. Bliss, who ordered the bomb, argues that because Ruzevich was a government agent, Bliss could not actually control him. But Ritter gave the bomb to Ruzevich with Bliss' consent. Bliss had the power to tell Ritter what to do with the bomb. He exercised control.

## V. GOVERNMENT'S CROSS–APPEAL.

Count five charged the defendants with violating 18 U.S.C. § 924(c). The statute provides for a mandatory thirty year sentence for "[w]hoever, during and in relation to any crime of violence ... uses or carries a firearm." *Id.* Section 924(c) requires proof that the defendant committed the underlying crime of violence. *United States v. Morehead*, 959 F.2d 1489, 1502 (10th Cir.1992). The evidence is insufficient to prove that the defendants conspired to commit murder-for-hire.[1] The district court properly dismissed Count Five.

---

**1.** We need not decide whether conspiracy to    commit murder-for-hire is a "crime of violence".

We reverse the defendants' convictions on Count One. We affirm in all other respects. We remand to the district court for resentencing.

Reversed in Part, Affirmed in Part and Remanded.