46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank ORR, Petitioner-Appellant,
v.
R. G. BORG, Warden, Folsom State Prison; William G. Prahl,
Respondents-Appellees.
 No. 94-15857.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Orr, a California state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 writ of habeas corpus petition. Orr contends the trial court erred by allowing the prosecution to introduce out-of-court statements made by a nontestifying codefendant in violation of Bruton v. United States, 391 U.S. 123 (1968). Alleged violations of the Confrontation Clause are reviewed de novo. Paradis v. Arava, 20 F.3d 950, 956 (9th Cir. 1994), cert. denied, 1994 WL 676378 (U.S. Jan. 17, 1995) (No. 94-7017). We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 In Bruton, the Supreme Court held that, because there is a substantial risk that the jury, despite instructions to the contrary, will look to an incriminating extrajudicial confession of a nontestifying codefendant in determining the guilt of the defendant, admission of the confession in a joint trial violates the Confrontation Clause of the Sixth Amendment. Bruton, 391 U.S. at 126. The Supreme Court subsequently illuminated Bruton, holding that only those statements that "expressly implicate" the defendant or are "powerfully incriminating" implicate the Bruton rule. Richardson v. Marsh, 481 U.S. 200, 208 (1987). "The Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when ... the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Marsh, 481 U.S. at 211.
 
 
 4
 Here, Orr and two other codefendants were present in the house with the victim when the murder occurred. Orr contends statements made by a codefendant were improperly admitted because they did not omit any reference to his existence. He argues that, to the contrary, the statements explicitly referred to the existence and presence of another person, not the two codefendants, who was the "shooter" in the murder.
 
 
 5
 The statements cited by Orr, however, do not mention Orr by name or refer to his existence. The statements were properly redacted to eliminate all references to Orr and did not become incriminating against Orr until they were linked with other evidence produced at trial. See Marsh, 481 U.S. at 208-09, 211. Moreover, even where a codefendant's statement is redacted and a neutral pronoun or other general word is substituted for the name of the complaining defendant, Bruton is not violated as long as the defendant is not directly implicated. See United States v. Enriquez-Estrada, 999 F.2d 1355, 1359 (9th Cir. 1993) (citing United States v. Vasquez, 874 F.2d 1515 (11th Cir. 1989), cert. denied, 493 U.S. 1046 (1990)). Thus, because the statements did not contain any reference to Orr, let alone pronouns or general words substituted for his name, the statements can not be construed as a direct implication of Orr.
 
 
 6
 Furthermore, the trial court gave limiting instructions to the jury that the extrajudicial statements could only be used against the codefendant making the statements. See Marsh, 481 U.S. at 208-09, 211. Accordingly, the admission of the questioned statements did not constitute a Bruton error, see Bruton, 391 U.S. at 207, and the district court did not err in denying the petition for writ of habeas corpus.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3