61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Glendo SULLIVAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2159.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided July 6, 1995.
 
 Appeal from the United States District Court, for the Southern District of Indiana, Indianapolis Division, No. IP 93-1704-C; Larry J. McKinney, Judge.
 S.D.Ind.
 REVERSED.
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Glendo Sullivan appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. Sec. 2255. In 1992, Sullivan pled guilty to conspiracy to possess in excess of five kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. Sec. 846. Sullivan received the statutory minimum penalty of 10 years of imprisonment and five years of supervised release. In his Sec. 2255 petition, Sullivan argues that his plea was involuntary because he pled guilty to conduct that does not constitute a federal crime. The district court denied his petition without conducting an evidentiary hearing.
 
 
 2
 Sullivan claims that the conduct to which he pled guilty is insufficient to constitute a conspiracy because all of his co-conspirators were actually government informants. A conspiracy cannot exist unless there are two bona fide conspirators; if all of Sullivan's alleged co-conspirators were government informants who secretly intended to frustrate the criminal plot, he could not have committed the offense of conspiracy. United States v. Mahkimetas, 991 F.2d 379, 383 (7th Cir. 1993); United States v. Ritter, 989 F.2d 318, 321 (9th Cir. 1993); United States v. Vasquez, 874 F.2d 1515, 1516 (11th Cir. 1989), cert. denied, 493 U.S. 1046 (1990); United States v. Barboa, 777 F.2d 1420, 1422 (10th Cir. 1985). The reasons for this rule include (1) without two true conspirators, there is no real agreement or meeting of the minds, (2) no risk of concerted action exists if all of the co-conspirators are government agents or informants, and (3) allowing agreements with agents or informants to constitute conspiracies creates the risk that government agents will artificially "manufacture" conspiracies. Mahkimetas, 991 F.2d at 383. Thus, if all of Sullivan's co-conspirators were government agents or informants, he did not commit the offense of conspiracy.
 
 I. Procedural Default
 
 3
 As an initial matter, the government argues that Sullivan's Sec. 2255 petition is barred by procedural default because he did not file a direct appeal. A Sec. 2255 petitioner is barred from raising any claim not presented on direct appeal unless he demonstrates cause and prejudice. United States v. Frady, 456 U.S. 152, 167 (1982); Precin v. United States, 23 F.3d 1215, 1217 (7th Cir. 1994). Sullivan argues, however, that the cause and prejudice requirement should not apply in his case, because his conviction for conduct that is not a federal offense constitutes a fundamental miscarriage of justice.[1]
 
 
 4
 A narrow exception to the cause and prejudice requirement exists in cases where "a defendant claims that he stands convicted based upon conduct [that is] in no way criminal." Bateman v. United States, 875 F.2d 1304, 1307 n. 4 (7th Cir. 1989); see also Precin, 23 F.3d at 1219 n. 1 (recognizing exception to cause and prejudice requirement "in those exceptional circumstances where a constitutional violation has probably resulted in the conviction of one who is actually innocent"); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994), cert. denied, 115 S. Ct. 1966 (1995); cf. Murray v. Carrier, 477 U.S. 478, 496 (1986) (recognizing parallel exception to cause and prejudice requirement in cases under 28 U.S.C. Sec. 2254).[2] Sullivan contends that his case is one of these "exceptional circumstances" because it is impossible for an agreement with a government informant to constitute a conspiracy. The "exceptional circumstances" doctrine is limited to extreme cases where a defendant claims actual innocence; however, if Sullivan's allegation that all of his co-conspirators were government informants is true, then this may indeed be one of those cases.[3] Therefore, despite his procedural default, we will discuss the merits of his petition.
 
 II. Voluntariness of Guilty Plea
 
 5
 At sentencing, Agent Gaertner of the Drug Enforcement Administration testified that Sullivan conspired with a number of confidential informants to purchase and distribute cocaine. See Tr. at 19-21. The government provided no evidence that any of the co-conspirators were individuals other than confidential informants. Consequently, Sullivan argues that there is no factual basis to support his guilty plea.
 
 
 6
 The failure to provide a sufficient factual basis, as required by Fed. R. Crim. P. 11(f), does not necessarily constitute a constitutional or jurisdictional error cognizable under Sec. 2255. Higgason v. Clark, 984 F.2d 203, 208 (7th Cir. 1993), cert. denied, 113 S. Ct. 2974 (1993); cf. United States v. Timmreck, 441 U.S. 780, 784-85 (1979) (failure to comply with formal requirements of Rule 11 does not constitute constitutional or jurisdictional error cognizable under Sec. 2255). If a guilty plea lacks a factual basis, however, it may not be voluntary, because a plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." Carreon v. United States, 578 F.2d 176, 179 (7th Cir. 1978), quoting, McCarthy v. United States, 394 U.S. 459, 466 (1969); see also United States v. Johnson, 612 F.2d 305, 309 (7th Cir. 1980). But we will not invalidate a guilty plea on collateral attack simply because the factual basis for the plea was not fully developed. See Timmreck, 441 U.S. at 784 ("the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas") (footnote omitted). Rather, we will find the plea involuntary only if "it is impossible to find guilt from the facts stated as the factual basis for the plea." Higgason, 984 F.2d at 208, quoting Johnson, 612 F.2d at 309.[4] The plea will stand if the record contains any facts "from which the court could reasonably infer that [the] petitioner was actually guilty of the charge." Arias v. United States, 484 F.2d 577, 580 (7th Cir. 1973), cert. denied, 418 U.S. 905 (1974).
 
 
 7
 The government contends that the facts provided at sentencing are consistent with Sullivan's guilt on the conspiracy charge. The government argues that, although the co-conspirators had become government informants by the time the sentencing hearing was held, they were not informants when the criminal acts occurred. If this is correct, then Sullivan was properly convicted, because a conspiracy to possess and distribute cocaine existed until the co-conspirators became informants. Vasquez, 874 F.2d at 1517.
 
 
 8
 The government, however, does not point to any evidence that supports its theory. While it is possible that Sullivan's co-conspirators became informants at some later date, the record does not contain any evidence that verifies this version of events. Rather, the factual basis supplied by the government specifically identifies the co-conspirators as informants. At least on this record, the argument that they became informants after they formed agreements with Sullivan is pure speculation. Such speculation is not sufficient to support Sullivan's plea; Arias requires that enough facts exist for the court to make a reasonable inference of guilt. If the government wishes us to uphold the plea on the theory that the co-conspirators became informants after the fact, it must provide at least some evidence to support its hypothesis (e.g., the dates when the co-conspirators became informants). Because the record contains no evidence that reasonably supports a finding of guilt, an evidentiary hearing is required. See United States v. Daniels, No. 94-1739, slip op. at 4 (7th Cir. April 18, 1995) (evidentiary hearing required unless record "conclusively demonstrates" that petitioner does not deserve relief). Thus, we REVERSE the judgment of the district court and REMAND for an evidentiary hearing.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Sullivan also claims that his attorney provided ineffective assistance by failing to (1) inform him that his conduct did not constitute a federal crime and (2) appeal. Ineffetive assistance of counsel may constitute cause for a procedural default. Precin, 23 F.3d at 1218. To establish ineffective assistance, Sullivan must demonstrate "(1) that his [attorney's] representation ... fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for his attorney's unprofessional representation, the result of the proceeding would have been different." Ebbole v. United States, 8 F.3d 530, 533 (7th Cir. 1993), cert. denied, 114 S. Ct. 1229 (1994); see also Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064 (1984). If his attorney knew that all the co-conspirators were government informants, then his failure to realize the significance of this fact would seem to constitute ineffective assistance. The record, however, contains no evidence that Sullivan's attorney knew or had reason to know that this was indeed the case. In addition, although an attorney's failure to appeal constitutes ineffective assistance per se if the defendant desires to appeal, see Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994), Sullivan alleges only that his attorney advised him not to appeal, not that his attorney ignored his request to appeal. Thus, Sullivan cannot claim ineffective assistance of counsel as cause for his procedural default
 
 
 [2]
 In addition, the "exceptional circumstances" doctrine may apply where an intervening change in the law has rendered a formerly criminal act not criminal. See Brennan v. United States, 867 F.2d 111, 121 (2d Cir. 1989), cert. denied, 490 U.S. 1022 (1989); see also United States v. Ginsburg, 705 F. Supp. 1310, 1315 (N.D. Ill. 1989) (cause requirement waived if defendant was found guilty without having committed a federal crime), aff'd, 909 F.2d 982 (7th Cir. 1990)
 
 
 [3]
 We will excuse the cause and prejudice requirement only when the petitioner makes a claim of actual innocence as opposed to a claim of legal innocence. Boyer v. United States, No. 94-2351, slip op. at 8 (7th Cir. May 24, 1995). A petitioner claims actual innocence if he argues that, under an undisputed view of the law, he did not commit the crime charged; in contrast, a petitioner raises a claim of legal innocence if he argues that his conviction rests on a misinterpretation of the law. See id. In this case, the legal definition of conspiracy is not in dispute. Rather, Sullivan contends that the he did not commit the offense of conspiracy. Thus, he raises a claim of actual innocence
 
 
 [4]
 Higgason involved a petition under 28 U.S.C. Sec. 2254, but the principle that deference should be given on collateral attack to the trial court's finding of voluntariness applies equally to petitions under Sec. 2255