[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10641
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00213-KD-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND DONOVAN WILLIAMS,
a.k.a. ROC,
a.k.a. Rock,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 5, 2014)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Raymond Donovan Williams appeals his convictions for conspiracy to

possess with intent to distribute 500 grams or more of cocaine, in violation of 21

U.S.C. §§ 841(a)(1) and 846; and possession with intent to distribute 500 grams or

more of cocaine, in violation of 21 U.S.C. § 841(a)(1).  On appeal, Williams argues that: (1) the district court erred in denying his motion for judgment of acquittal challenging the sufficiency of the evidence offered to establish that he conspired with another person to possess with intent to distribute cocaine; and (2) the district court abused its discretion by admitting evidence of his past possession of crack cocaine.  After careful review, we affirm.

We review de novo a denial of a motion for judgment of acquittal raising a sufficiency of the evidence claim, viewing the evidence in the light most favorable to the government and drawing all inferences and credibility determinations in its favor.  United States v. Capers, 708 F.3d 1286, 1296 (11th Cir.), cert. denied, 134 S.Ct. 108, 145, 239 (2013).  We must affirm if, based on the evidence, a reasonable jury could have found the defendant guilty beyond a reasonable doubt.  Id. at 1297. Whether the evidence is direct or circumstantial, we accept all reasonable inferences tending to support the government's case.  United States v. Williams, 390 F.3d 1319, 1324 (11th Cir. 2004).  We review a district court's evidentiary rulings for abuse of discretion, which occurs when a decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact."  United States v. Baker, 432 F.3d 1189, 1202 (11th Cir. 2005). Preserved evidentiary objections are reviewed for harmless error.  Id.

First, we reject Williams's argument that the district court erred in denying his sufficiency of the evidence claim.  To sustain a conviction for conspiracy to possess with intent to distribute cocaine, the government must prove beyond a reasonable doubt that: (1) an agreement existed between two or more people to possess with intent to distribute the cocaine; (2) the defendant knew of the conspiratorial goal; and (3) he knowingly joined or participated in the illegal venture.  See United States v. Brown, 587 F.3d 1082, 1089 (11th Cir. 2009).  The existence of an agreement can be shown by circumstantial evidence of a common purpose or plan, and by evidence that a defendant was aware of the conspiracy's essential nature, even if he did not know all of its details, played only a minor role in the overall scheme, did not have direct contact with other alleged co-conspirators, or did not participate in every stage of the conspiracy.  United States v. Reeves, 742 F.3d 487, 497-98 (11th Cir. 2014).

One who acts as a government agent or informant and enters into a purported conspiracy to frustrate the conspiracy cannot be a co-conspirator.  United States v. Arbane, 446 F.3d 1223, 1228 (11th Cir. 2006).  A government agent can be a co-conspirator, however, if there is sufficient evidence that the agent and the defendant were conspiring before the informant became a government agent.  United States v. Vasquez, 874 F.2d 1515, 1517 (11th Cir. 1989).

3

The only sufficiency claim Williams raises here involves whether the government sufficiently proved that Williams entered into an agreement with another person to possess with intent to distribute cocaine. As the record shows, there was more than sufficient evidence to infer that a drug trafficking conspiracy between Williams, Edmond Kennies Burke, and Darrin Southall existed -- notably, before the August 2013 recorded conversations, when Southall began acting as a government agent. To begin with, there was testimony that Southall repeatedly told investigators about their previous cocaine dealings. The recordings also revealed a pre-existing criminal relationship between Williams and Southall. Additionally, given the evidence of Williams's extensive gambling activity over a period of months preceding the undercover operation, without legitimate income to sustain such activity, the jury could have reasonably inferred that Williams funded his gambling through the fees he earned delivering drugs with Southall prior to August 2013. On this record, accepting all inferences in the government's favor, a reasonable jury could conclude that Southall and Williams were participating in a conspiracy that pre-dated Southall's becoming a government agent.

A jury also could have reasonably concluded that Burke and Williams were participating in a conspiracy, despite Burke's lack of knowledge of the other members of the conspiracy. Although Southall instructed Williams not to disclose his identity to Burke, Burke was not required to know all of the details of the

4

conspiracy or to have direct contact with Southall.   Southall told Williams to have Burke accompany him to provide protection for the drug delivery, as Burke had done in the past.  Moreover, the statements Williams and Burke made during the delivery support the inference that Burke knew a drug transaction was about to occur.   Thus, we conclude a reasonable jury could have found Burke to be a knowing participant in the conspiracy.

We also find no merit to Williams's claim that the district court abused its discretion by admitting Rule 404(b) evidence.  Under Federal Rule of Evidence 404(b)(1), evidence of a crime, wrong, or other act is inadmissible to prove a person's character and conduct in conformity therewith.  However, this evidence may be admitted as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  Fed.R.Evid. 404(b)(2).  In order for Rule 404(b) evidence to be admissible: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof to permit a jury to find by a preponderance of the evidence that the defendant committed the act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, under Rule 403.  United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007).  "A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b)

evidence absent affirmative steps by the defendant to remove intent as an issue." United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998).

In weighing the probative value of evidence against its prejudicial effects, a district court should consider factors such as the similarity between the charged and extrinsic offenses, the government's need for evidence of intent, and the time elapsed between the charged and extrinsic offenses. Edouard, 485 F.3d at 1345. When Rule 404(b) other crimes evidence goes to intent, rather than identity, a lesser degree of similarity between the charged crime and the uncharged crime is required, and a similarity in overall purpose of each is sufficient. United States v. Delgado, 56 F.3d 1357, 1366 (11th Cir. 1995) (upholding the admissibility of evidence involving the prior purchase of a comparatively small amount of cocaine in a case involving a multi-million dollar cocaine importation, because the offenses were similar in their overall purpose -- trafficking in cocaine); see United States v. Butler, 102 F.3d 1191, 1196 (11th Cir. 1997) (holding that evidence of prior personal drug use is admissible to prove subsequent distribution intent).

If we conclude that a district court erroneously admitted evidence under Rule 404(b), we must determine whether that error was harmless. United States v. Bradley, 644 F.3d 1213, 1273 (11th Cir. 2011). A non-constitutional error in admitting such evidence is harmless where there is overwhelming evidence of guilt, or where "the error had no substantial influence on the outcome and

6

sufficient evidence uninfected by error supports the verdict." United States v. Harriston, 329 F.3d 779, 789 (11th Cir. 2003) (quotation omitted).

Here, the district court did not abuse its discretion in admitting evidence of Williams's prior possession of crack cocaine. For starters, since Williams pleaded not guilty, raising a lack of knowledge or wrongful intent defense, he placed his intent at issue, thereby imposing a substantial burden on the government to prove his knowledge of the cocaine and his intent to participate in the drug conspiracy. In addition, the evidence from both Williams's sister and the officer who found the cocaine and money among Williams's belongings was sufficient to permit the jury to find beyond a reasonable doubt that Williams possessed the cocaine. Further, the prejudicial effect of the evidence did not substantially outweigh its probative value, given the government's need for evidence of Williams's intent to transport cocaine. Moreover, the prior cocaine possession and the cocaine distribution charge at issue, although different in quantity of drugs and in Williams's position as possessor or distributor, were substantially similar in their overall purpose to intentionally possess cocaine.

In any event, even if the district court did err in admitting the Rule 404(b) evidence, the error was harmless since, as we've discussed, there was sufficient evidence of Williams's guilt without the evidence of the prior cocaine possession.

**AFFIRMED**.