Michael DeGRAVE, Plaintiff-Appellant,

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 85–3128.

United States Court of Appeals,
Seventh Circuit.

Argued April 1, 1987.

Decided May 22, 1987.

Robert A. Handelsman, Evanston, Ill., for DeGrave.

Jan E. Kearney, Asst. U.S. Atty., Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., for U.S.

Before BAUER, Chief Judge, FLAUM and RIPPLE, Circuit Judges.

BAUER, Chief Judge.

Defendant Michael DeGrave appeals from the district court's dismissal of his habeas corpus motion under 28 U.S.C. § 2255 without a hearing. DeGrave was convicted of conspiracy to commit bank robbery and of bank robbery. We affirmed DeGrave's conviction on direct appeal. At issue is the propriety of the district court's practice of allowing *ex parte* communications between the court reporter and the jury during jury deliberations. No record exists to determine what conversations took place in the jury room and the record is unclear as to whether defense counsel knew or had an opportunity to object to this practice. DeGrave did not raise the *ex parte* communications issue on direct appeal. We remand this case for an evidentiary hearing for a determination of whether DeGrave can show cause for, and prejudice resulting from his procedural default.

I.

On March 22, 1983, the defendant was indicted with Ronald Wayne Schultz for conspiring to rob the Bank of Sturgeon Bay, Brussels Branch, located in Brussels, Wisconsin, in violation of Title 18 U.S.C. § 371, and with the robbery of the bank in violation of Title 18 U.S.C. §§ 2113(a) and (d). DeGrave's first trial ended in a mistrial. His second trial began on September 27, 1983. Two days later the jury retired for deliberations. On the morning of September 30, 1983, the trial judge permitted the court reporter to read the entire testimony of certain witnesses to the jury during its deliberations. The next day, October 1, 1983, the court reporter again entered the jury room and remained for at

least two hours. The following facts are in dispute: (1) whether DeGrave or his counsel were aware that it was the district court's usual practice to allow *ex parte* communication between the court reporter and the jury; and (2) whether DeGrave's counsel was afforded an opportunity to object to this procedure.

In any event, the jury returned its verdict convicting both defendants on each count. The defendant was sentenced to five years imprisonment for conspiracy and ten years imprisonment on the bank robbery, the sentences to run concurrently. DeGrave filed a timely notice of appeal and new counsel was appointed to represent him. On February 2, 1984, DeGrave's counsel filed an *Anders* brief in which he examined possible arguments for appeal and concluded that there were no meritorious issues to be raised on direct appeal. DeGrave's counsel did not raise the issue of communications with the jury. On August 13, 1984, DeGrave filed a *pro se* motion to supplement the record on appeal. We denied that motion, noting that it should be made in the district court, and required the parties to advise this court of the status of any such action. For some reason, neither party took steps to obtain a hearing or other evidence with which to supplement the trial court record. On April 24, 1985, we issued an order affirming DeGrave's conviction. We declined to reach the issue of *ex parte* communications with the jury since it was first raised on appeal and since the record was inadequate to permit meaningful review.

On May 6, 1985, DeGrave filed a motion under Rule 35 of the Federal Rules of Criminal Procedure for reduction of sentence, which the trial court denied. DeGrave filed a habeas motion under 28 U.S.C. § 2255 raising the same issue on July 1, 1985, while the Rule 35 motion was pending. The district court denied defendant's habeas motion without a hearing on November 20, 1985, and this appeal followed.

## II.

DeGrave argues that Judge Reynolds erred when he permitted the court reporter to read the testimony of trial witnesses to the jury during deliberations in violation of his sixth amendment right to a fair trial. He argues that we cannot say with any degree of certainty that the court reporter's presence in the jury room on two separate occasions was not inimical to his rights. DeGrave asserts that although it was Judge Reynold's consistent practice on such occasions to permit *ex parte* communications, the parties were not informed of this practice at the conclusion of the trial. He argues that through no fault of his, there is no record of what transpired in the jury room when the court reporter was present and that no record exists to show which testimony was read or if it was improperly emphasized. In short, DeGrave argues that we simply do not know what transpired in the jury room when the court reporter was there and that therefore, we should grant an evidentiary hearing to determine what happened.

The government argues that DeGrave has waived the jury communications issue for three reasons. First, it argues that the issue was not properly preserved below since no objections to the procedure appear on the record. Second, it relies on *United States v. Brown,* 739 F.2d 1136, 1145 (7th Cir.1984), and our decision in this case on direct appeal: that appellate courts generally decline to consider issues raised for the first time on appeal. Third, the government relies on *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) in which the Supreme Court held that a defendant's failure to object to an erroneous jury instruction either at trial or on direct appeal barred him from raising the issue in a Section 2255 petition absent a showing of good cause and prejudice. In *Frady,* the court rejected the defendant's argument that the "plain error" standard of Federal Rule of Criminal Procedure 52(b) was applicable in his case as opposed to the cause and prejudice that the plain error standard "is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expira-

tion of the time allowed for direct review or by the affirmance of the conviction on appeal." *Id.* We have adopted the cause and prejudice standard in *Norris v. United States,* 687 F.2d 899 (7th Cir.1982), and *Williams v. United States,* 805 F.2d 1301, 1304 (7th Cir.1986), and we find that it is the appropriate standard in this case, since DeGrave first raises this issue in a Section 2255 motion.

In the present case, with the decisions of *Frady, Norris,* and *Williams* in mind, we must determine whether the government is correct in arguing that DeGrave has waived the issue he now raises. The context of this case requires that we examine its rather unusual procedural history and look at the different opportunities. De-Grave had to raise the communications issues to determine whether he had good cause for his failure to appeal on this issue.

DeGrave's first chance to object to Judge Reynold's procedure was at the time the court reporter entered the jury room. However, there is no evidence that De-Grave's trial counsel was given an opportunity to make a timely objection. The record does not indicate that counsel was given prior notice of the court reporter's entry into the jury room to read testimony or an opportunity to object to the reporter's presence in the jury room. Next, DeGrave could have raised the communications issue on direct appeal. His counsel, however, filed an *Anders* brief in which he concluded that there were no meritorious issues to be raised on appeal. DeGrave contends that his appointed counsel on the direct appeal was incompetent and that the incompetence fatally prejudiced his right to raise the substantive *ex parte* communications issue. Following the filing of the *Anders* brief DeGrave filed a *pro se* motion to remand to expand the record in order to explore the issue of the court reporter's communications with the jury. He also objected by letter to the filing of the *Anders* brief by his appointed appellate counsel. We denied the motion, noting that it should be made in the district court. For whatever reason, neither party followed through and the record was never supplemented. We take into consideration the fact that DeGrave was acting *pro se* and that he was incarcerated at the time.

As to cause, our recent decision in *Cross v. DeRobertis,* 811 F.2d 1008 (7th Cir.1987) supports DeGrave's argument that the district court should have an opportunity to develop a factual record and to evaluate the ineffective assistance of counsel claim. Because the district court simply concluded that there could be no prejudice and thus didn't address the issue of cause, we should remand on this point.

As to the issue of prejudice, the Supreme Court recognized in *Mattox v. United States,* 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892), and again in *Remmer v. United States,* 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954), that private communication with members of the jury during a trial about the matter pending before the jury, is presumptively prejudicial if not made pursuant to known rules of the court and the instructions of the court made with full knowledge of the parties. *See also, United States v. Dellinger,* 472 F.2d 340, 377–380 (7th Cir.1972) (judge used bailiff to respond to jury requests without notice to counsel and bailiff admonished the jury to remain in deliberations where there may have been a compromise verdict); *United States ex rel. Tobe v. Bensinger,* 492 F.2d 232 (7th Cir.1974) (bailiffs answered jurors' questions about inability to reach a verdict and told jury to continue deliberation); *Owen v. Duckworth,* 727 F.2d 643 (7th Cir.1984) (threatened juror who was discharged communicated nature of threats to other jurors in violation of court's instructions). In these cases, the nature of the contact with the jury was of record and the reviewing court had the opportunity to determine whether the defendant was prejudiced by the *ex parte* communication. Here, we don't know whether this case is an appropriate one for the use of presumption or not. We must remand for consideration of this issue as well. If the facts brought out after the evidentiary hearing apply here, the district court will have to consider whether DeGrave can establish actual prejudice under *Frady* and its progeny.

Finally, we note that the court's practice of permitting *ex parte* communications with the jury presents problems. Attorneys unfamiliar with the court's practice may forfeit their opportunity to object and or be present during the reading of the testimony. Communications with the jury should take place only when all parties are notified and when the communication is made part of the record.

For the foregoing reasons, the judgment of the district court is remanded for further proceedings in accordance with the views herein expressed.