**Scott PRECIN, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 93–3401.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 14, 1994.

Decided May 6, 1994.

Edward M. Genson (argued), Jeffrey B. Steinback, Leonard Goodman, Genson, Steinback, Gillespie & Martin, Chicago, IL, for petitioner-appellant.

Steven Shobat (argued), Barry R. Elden, Asst. U.S. Attys., Crim. Receiving, Appellate Div., Chicago, IL, for respondent-appellee.

Before BAUER, COFFEY, and RIPPLE, Circuit Judges.

BAUER, Circuit Judge.

Scott Precin pleaded guilty to conspiring to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846. Instead of appealing his conviction and sentence directly, he petitioned the district court for postconviction relief under 28 U.S.C. § 2255. The district court denied his petition, and we affirm the denial.

## I.

Precin's conviction stems from the government's investigation of Chicago drug trafficker, David Avery. The investigation led to a 168–count indictment involving twenty-nine defendants. The indictment alleged that Precin dealt narcotics on Avery's behalf. Avery decided to cooperate with the government and provided evidence against Precin. In his statement, Avery claimed that he had sold Precin cocaine on more than fifty occasions and that the transactions involved, on average, one ounce (twenty-eight grams) of cocaine. Avery stated that in at least half of these transactions, he gave the cocaine to Precin on consignment with the understanding that Precin would resell the narcotics and repay Avery from the proceeds. As further evidence of Precin's role in the conspiracy, the government possessed several wiretap recorded conversations between Precin and Avery detailing their transactions.

Subsequent to Avery's proffer, Precin also offered to cooperate with the government. With the understanding that the statements in his own proffer could not be used against him, Precin admitted to purchasing cocaine from Avery on at least forty occasions with money provided to him by four of his friends. He would then distribute the cocaine to these friends. Precin acknowledged that he pur-chased cocaine in amounts ranging from half an ounce (fourteen grams) to several ounces. The government drafted an agreement in which Precin agreed to plead guilty to the conspiracy charge and in exchange, the government agreed to drop the remaining charges and to recommend a reduction in sentencing that would result in a forty-two month prison term.

At his plea hearing, Precin admitted to the allegations as presented by the government and entered a plea of guilty. After satisfying itself that the factual basis of the charge was adequate and that Precin was entering his plea knowingly and voluntarily, the district court accepted Precin's plea and informed him of his right to appeal. At sentencing, the court found Precin responsible for between 500 grams and 2 kilograms of cocaine, accepted the government's recommended reduction for substantial assistance, and sentenced Precin to forty-two months imprisonment.

Precin did not object to aspects of his conviction or sentence before the district court. Nor did he appeal the district court's decision to this court. Instead, Precin filed a petition for postconviction relief asking the district court to vacate his conviction and his sentence. 28 U.S.C. § 2255. The district court held that Precin failed to demonstrate sufficient justification for his failure to file a direct appeal and denied his petition.

## II.

Ordinarily, under 28 U.S.C. § 2255, a conviction can be reversed for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States,* 940 F.2d 215, 217 (7th Cir.1991) (citations omitted). When, however, issues raised in a section 2255 proceeding have not been raised in a direct appeal, the party seeking relief must establish cause and prejudice for the failure. *Id.* Precin contends that his attorney's representation was constitutionally deficient and that his advice caused Precin to plead guilty to a charge which (1) had no basis in fact, (2)

was not sufficiently explained to him, and (3) was based on inadmissible statements from his proffer. Precin also claims that his attorney's errors led the court to sentence him to a longer prison term than he should have received.

■■■ Precin correctly argues that ineffective assistance of counsel may excuse a procedural default. *Van Russell v. United States,* 976 F.2d 323, 327 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2376, 124 L.Ed.2d 280 (1993). To succeed on a ineffective assistance claim, Precin must demonstrate: (1) deficient performance by the attorney, and (2) prejudice from the representation. *Lockhart v. Fretwell,* —— U.S. ——, ——, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). The first prong is satisfied by showing that the attorney's performance fell well outside the range of professionally competent representation. *United States v. Moya–Gomez,* 860 F.2d 706, 763–64 (7th Cir.1988), *cert. denied,* 492 U.S. 908, 109 S.Ct. 3221, 106 L.Ed.2d 571 (1989). In making this evaluation, a strong presumption exists in the attorney's favor. *Van Russell,* 976 F.2d at 327. To satisfy the prejudice component, a defendant must show that the errors deprived him of a fair trial. *Lockhart,* —— U.S. at ——, 113 S.Ct. at 842. Both components of the inquiry are mixed questions of law and fact subject to independent review by this court. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

### A. Adequacy of Precin's Plea

In contesting his conviction, Precin alleges that he and Avery had only a buyer-seller relationship and that the government's evidence failed to prove that Precin was involved in the larger conspiracy. He claims that he pleaded guilty only because his attorney advised him that "because [he] had taken money from [his] friends and obtained cocaine for them, [he] was just as guilty as if [he] had been dealing cocaine for profit." This advice, erroneous as a matter of law according to Precin, led him to believe mistakenly that the government had presented an adequate factual basis for his plea. Precin also argues that, as a result of this pur-

portedly improper advice, his plea was not knowing and voluntary:

■■■ Although a mere buyer-seller relationship is inadequate to establish a person's affiliation with a conspiracy, *United States v. Townsend,* 924 F.2d 1385 (7th Cir.1991), Precin's relationship with Avery was more than just buyer-seller. In his proffer, Avery stated that since 1986, he had supplied cocaine to Precin on more than fifty occasions. On at least half of those occasions, Avery gave the cocaine to Precin on a consignment basis, with the understanding that Precin would not have to pay for the drugs until he resold them. While a single credit transaction may not be sufficient to demonstrate that the buyer was aware of the conspiracy, a pattern of repeated narcotics transactions in which credit arrangements are made may support such a conclusion. *United States v. Lamon,* 930 F.2d 1183, 1191–92 (7th Cir.1991); *United States v. Baker,* 905 F.2d 1100, 1106 (7th Cir.), *cert. denied,* 498 U.S. 876, 111 S.Ct. 206, 112 L.Ed.2d 167 (1990). This is precisely what the government demonstrated in the plea hearing and recognizing the strength of the government's case, Precin's attorney reasonably advised Precin to accept the plea agreement. Precin cannot show that his attorney's advice, accurate in its assessment of the law and the facts, was constitutionally deficient.

■■■ Nor can Precin show that his attorney's advice rendered his plea uninformed because, as we have stated, the advice was correct. Additionally, the substance of the plea inquiry conducted by the court belies Precin's argument. When in response to a court's questioning, a defendant represents that he has entered his plea knowingly and voluntarily, those representations "constitute a 'formidable barrier' to collateral relief and carry a strong presumption of truth." *Van Russell,* 976 F.2d at 327 (citations omitted). Precin made these representations and has failed to rebut this presumption.

Precin argues in the alternative that the government's evidence of his distribution was the product of his inadmissible proffer. He claims that the only evidence of distribution was from the statements he made in his proffer. This is simply inaccurate. Avery

explicitly informed the government that Avery frequently "fronted" Precin the cocaine on a consignment basis. A consignment arrangement by definition contemplates resale and indicates that Avery fully intended for Precin to sell his product.

### B. Sentencing

The court arrived at Precin's forty-two month prison sentence after finding (1) that he was responsible for a quantity of cocaine ranging between 500 and 2000 grams and (2) that he deserved a sentence reduction because he had provided the government with substantial assistance. Precin argues that his attorney's deficient performance with respect to his sentencing also created the cause and prejudice necessary to excuse his failure to appeal the decision directly. The constitutional requirements of effective assistance of counsel apply at sentencing proceedings as well as at the conviction stage. *Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987).

Precin alleges that his attorney's first instance of error was in advising him to accept a sentencing range premised on the notion that Precin's cocaine transactions involved between 500 and 2000 grams. Precin claims that a portion of the 500 grams for which he was responsible was for personal use and had no effect on the conspiracy. He concludes that but for his attorney's mistaken advice, his sentence would have been lower.

The court, in sentencing, based its findings on the substance of Avery's proffer, in which Avery stated that the total amount of cocaine he transacted with Precin was *at least* 1400 grams. The court also found based on the government's presentation that the cocaine which Precin obtained for his personal use was his commission for selling on Avery's behalf. As the government points out, regardless of whether Avery paid Precin his commission in cash or in "free junk," distribution was still the goal of the venture. Any cocaine which Precin received for his personal use was necessarily intertwined with the success of the distribution. Thus, once again, the attorney's advice was premised on a fairly accurate assessment of the evidence against Precin.

Precin argues next that because a large portion of the cocaine was for his own personal use, his role in the conspiracy could be classified as minor or minimal for sentencing purposes. Under the United States Sentencing Guidelines, minimal participants are eligible for a four level reduction while minor participants may have their offense level reduced by two. U.S.S.G. § 3B1.2. By failing to argue for these reductions, Precin contends that his trial counsel was constitutionally ineffective.

The commentary to the Guidelines states that the reduction for a minimal participant is to be used infrequently and provides as an example an individual who serves as a courier for a single illegal transaction involving a small amount of drugs. U.S.S.G. § 3B1.2 application note 2. A minor participant is one who is less culpable than the rest of the participants. U.S.S.G. § 3B1.2 application note 3. The court based its sentencing decision on the finding that the cocaine Precin received for personal use was payment in kind for his services in distributing the cocaine. Knowing that the government intended to prove this, Precin's attorney could have reasonably determined that asking for a reduction on this grounds was simply futile. Such a tactical decision would not render counsel's representation constitutionally infirm.

Finally, claiming that the only evidence of how much cocaine he transacted was contained in his proffer, Precin contends that his sentence should be vacated because it was based on inadmissible evidence. Once again, Precin misstates the evidence. Avery stated in his proffer that over the course of his business relationship with Precin, they transacted at least 1400 grams of cocaine. The government clearly did not need Precin's proffer to establish the amount of cocaine at issue.[1]

1. A narrow exception to the cause and prejudice requirement for a section 2255 petition exists in those exceptional circumstances where a constitutional violation has probably resulted in the

## III.

Precin presents us with no adequate excuse for his failure to appeal his conviction and sentence directly. The trial court correctly determined that this procedural default warranted dismissal of his petition. For the reasons articulated above, the trial court's decision is

AFFIRMED.

conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). As we have found no trace of a constitutional violation, Precin's claims cannot be analyzed under this standard.