**UNITED STATES of America, Plaintiff,**

v.

**Humberto LECHUGA, Defendant.**

Nos. 88–CR–59, 95–C–916.

United States District Court,
E.D. Wisconsin.

Oct. 20, 1995.

Thomas P. Schneider, U.S. Atty. by Eric Klumb, Asst. U.S. Atty., Milwaukee, WI, for Plaintiff.

Pro Se, Pekin Federal Correctional Inst., Pekin, IL, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

On September 5, 1995, the pro se defendant, Humberto Lechuga, filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," along with a supporting brief.

The defendant's motion challenges the sentence imposed on him by this court on July 29, 1991, in connection with a jury verdict of May 30, 1991, finding him guilty of conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 and of possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The defendant was sentenced to a 75–month term of imprisonment. Mr. Lechuga is presently serving his sentence at the Pekin Federal Correctional Institution in Pekin, Illinois.

■ In a brief attached to his petition, Mr. Lechuga raises three grounds for relief. First, he contends that his sentence is "constitutionally flawed" because it was based upon "an unlawful sentence entrapment." Second, the defendant asserts that this court denied his Fifth and Sixth Amendment rights when "it erred in determining his base offense level." Third, Mr. Lechuga maintains that his conviction violated both the Double Jeopardy Clause of the Fifth Amendment and the Eighth Amendment's prohibition of excessive fines. Although the first two grounds for relief raised in Mr. Lechuga's motion are framed in terms of constitutional defects, it appears from the arguments presented in his brief that under those two grounds the defendant is challenging the application of the United States Sentencing Guidelines to his case.

Section 2255 provides, in relevant part: A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or is otherwise subject

to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

Pursuant to Rule 4, Rules Governing Section 2255 Proceedings, the court may dismiss a motion filed under § 2255 summarily "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district courts...." Absent a demonstration of cause and prejudice, the scope of my review of Mr. Lechuga's motion is limited to issues which have been raised on direct appeal. *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir.1993).

 The defendant appealed his conviction, and it was affirmed on appeal. *See United States v. Lechuga*, 994 F.2d 346, 351 (7th Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 482, 126 L.Ed.2d 433 (1993). Mr. Lechuga concedes that the grounds for relief presented in the instant § 2255 motion were not raised by him on direct appeal. However, in his motion, Mr. Lechuga asserts that "[t]rial and appellate counsel failed to challenge Petitioner's sentence and thus provided ineffective assistance."

Ineffective assistance of counsel may excuse a procedural default. *Van Russell v. United States*, 976 F.2d 323, 327 (7th Cir.1992). To establish that counsel provided ineffective assistance, Mr. Lechuga must demonstrate: (1) deficient performance by his attorney, and (2) prejudice from the representation. *Precin v. United States*, 23 F.3d 1215, 1218 (7th Cir.1994). Mr. Lechuga may satisfy the first prong by showing that counsel's performance fell well below the range of professionally competent representation. *Id.* To satisfy the second prong, he must show that counsel's errors deprived him of a fair trial or a fair sentencing hearing. *See id.* at 1219 (Constitutional requirements of effective assistance of counsel apply at sentencing proceedings.). Appellate counsel is ineffective where counsel fails to raise issues which are (1) obvious, and (2) clearly stronger than the ones raised on appeal. *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir.1994).

Mr. Lechuga has a high burden in attempting to establish that his failure to raise the present issues on direct appeal should be excused due to his assertion that his counsel provided ineffective assistance. In assessing claims of ineffective assistance of counsel, a strong presumption exists in the attorney's favor. *Precin*, 23 F.3d at 1218. However, as I cannot determine, from the face of Mr. Lechuga's motion, that he is clearly not entitled to relief, the government will be required to respond to his motion.

### ORDER

Therefore, IT IS ORDERED that the United States be and hereby is directed to serve and file a response to Mr. Lechuga's motion by November 17, 1995.

IT IS ALSO ORDERED that, if he chooses to file a reply, Mr. Lechuga be and hereby is directed to serve and file a reply to the government's response by December 1, 1995.