87 F.3d 1316
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Glendo SULLIVAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1353.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 9, 1996.
Decided May 28, 1996.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 This is a successive appeal from the denial of Glendo Sullivan's § 2255 petition. We affirm the judgment of the district court.
 
 I. Background
 
 2
 Sullivan pled guilty to conspiracy to possess in excess of five kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. He received the statutory minimum penalty of 10 years of imprisonment followed by five years of supervised release. Sullivan did not appeal his conviction.
 
 
 3
 Sullivan later filed this § 2255 petition challenging his plea. In his request for postconviction relief, he argued that his plea was not supported by a sufficient factual basis. The factual basis provided at the change of plea hearing identified all of his co-conspirators as "confidential informants." The government did not specify whether these co-conspirators became informants before or after their dealings with Sullivan. If they were cooperating with the government when they were dealing with Sullivan, Sullivan did not commit the crime of conspiracy, because an agreement with a government informant does not constitute a conspiracy. United States v. Mahkimetas, 991 F.2d 379, 383 (7th Cir.1993). The government contended that Sullivan procedurally defaulted his claim by not pursuing a direct appeal. The district court denied Sullivan's petition without holding an evidentiary hearing.
 
 
 4
 Sullivan appealed the denial of his petition, arguing that his procedural default should be excused because he was actually innocent of the crime of conspiracy. In Sullivan v. United States, No. 94-2159 (7th Cir. July 6, 1995) (unpublished order) ("Sullivan I "), we held that Sullivan's procedural default may be excused if he was indeed innocent. We noted that although it was possible that the co-conspirators became informants after their dealings with Sullivan, there was no evidence in the record demonstrating when they became informants. Thus, we ordered an evidentiary hearing to determine whether the co-conspirators were informants during their dealings with Sullivan.
 
 
 5
 On January 4, 1996, the district court held an evidentiary hearing. At the hearing, Agent Noel Gaertner of the Drug Enforcement Agency testified that the individuals who conspired with Sullivan did not become informants until after their dealings with Sullivan had been completed. Sullivan presented no contrary evidence. On January 19, 1996, the district court denied Sullivan's § 2255 petition, stating that "the only credible evidence is that the individuals referred to by Agent Gaertner as 'confidential informants' became confidential informants subsequent to the date of their arrests. In all circumstances mentioned in [Sullivan's] indictment, the illegal conduct was alleged to have occurred prior to the date upon which the 'co-conspirators' were arrested." The district court thus declined to overturn Sullivan's guilty plea, and he appeals.
 
 II. Analysis
 
 6
 In Sullivan I, we noted that Sullivan had committed a procedural default by not filing a direct appeal. See Sullivan I Order at 2-4. However, we ordered an evidentiary hearing because there was a possibility that, if his co-conspirators were government informants, Sullivan's default should be excused because he was actually innocent of the crime of conspiracy. See Schlup v. Delo, 115 S.Ct. 851, 860-61 (1995) (actual innocence may excuse procedural default); Precin v. United States, 23 F.3d 1215, 1219 n. 1 (7th Cir.1994) (recognizing exception to cause and prejudice requirement "in those exceptional circumstances where a constitutional violation has probably resulted in the conviction of one who is actually innocent"); Bateman v. United States, 875 F.2d 1304, 1307 n. 4 (7th Cir.1989) (procedural default may be excused if "a defendant claims that he stands convicted based upon conduct [that is] in no way criminal").[1] The court may conduct an evidentiary hearing if further development of the record is necessary to determine whether a procedural default should be excused. See DeGrave v. United States, 820 F.2d 870, 872 (7th Cir.1987) (evidentiary hearing ordered to determine if petitioner could show cause for procedural default); Walker v. Davis, 840 F.2d 834, 839-40 (11th Cir.1988) (same).
 
 
 7
 After the evidentiary hearing, the district court found that "the only credible evidence" was that Sullivan's co-conspirators became informants after their transactions with him had been completed. Thus, the evidence shows that Sullivan did indeed commit the offense of conspiracy, and his procedural default should not be excused on the grounds of actual innocence.
 
 
 8
 In his brief, Sullivan does not offer any reasons why his procedural default should be excused. Instead, he contends that the court had no jurisdiction to accept his guilty plea without a sufficient factual basis. In Sullivan I, we noted that a plea may be involuntary if the defendant was actually innocent, see Carreon v. United States, 578 F.2d 176, 179 (7th Cir.1978), thus we ordered an evidentiary hearing to determine if the facts supported Sullivan's claim of innocence. However, we rejected the argument that the failure to supply an adequate factual basis at a plea hearing is necessarily a jurisdictional error:
 
 
 9
 The failure to provide a sufficient factual basis, as required by Fed.R.Crim.P. 11(f), does not necessarily constitute a constitutional or jurisdictional error cognizable under § 2255. Higgason v. Clark, 984 F.2d 203, 208 (7th Cir.1993), cert. denied, 113 S.Ct. 2974 (1993); cf. United States v. Timmreck, 441 U.S. 780, 784-85 (1979) (failure to comply with formal requirements of Rule 11 does not constitute constitutional or jurisdictional error cognizable under § 2255).... [W]e will not invalidate a guilty plea on collateral attack simply because the factual basis for the plea was not fully developed. See Timmreck, 441 U.S. at 784 ("the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas") (footnote omitted).
 
 
 10
 Sullivan I Order at 4. Thus, Sullivan's jurisdictional argument is precluded by our holding in Sullivan I.
 
 
 11
 In sum, Sullivan asks us to invalidate his guilty plea--and excuse his procedural default--because the government's proffer at his change of plea hearing did not show that he committed the crime of conspiracy. For the fundamental miscarriage of justice exception to apply, Sullivan must demonstrate that the district court's error probably resulted in the conviction of an innocent person. See Schlup, 115 S.Ct. at 867. The evidentiary hearing revealed no evidence that Sullivan was probably innocent; rather, it confirmed that Sullivan did indeed commit the crime of conspiracy. Thus, the fundamental miscarriage of justice exception does not apply, and Sullivan's procedural default may not be excused. The judgment of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The "actual innocence" exception is also referred to as the "fundamental miscarriage of justice" exception