UNITED STATES of America,
Plaintiff–Appellee,

v.

Jerre TANKSLEY, Defendant–Appellant.

No. 96–2466.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 5, 1996.

Decided Jan. 14, 1997.

David H. Miller (submitted on briefs), Office of the United States Attorney, Fort Wayne, IN, for Plaintiff–Appellee.

Nikos Christos Nakos, Fort Wayne, IN, for Defendant–Appellant.

Before FLAUM, RIPPLE, and GARZA,[*] Circuit Judges.

PER CURIAM.

Jerre Tanksley appeals the quantity of drugs attributed to him and the district court's refusal to enter a downward adjustment in his conviction for conspiracy to distribute cocaine base. Finding no error, we affirm.

The grand jury indicted Tanksley for conspiracy to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 846, and for perjury, in violation of 18 U.S.C. § 1623(a). He pled guilty to both counts. The district court on resentencing found that Tanksley was responsible for the distribution of at least 1,250 grams of crack cocaine and sentenced him to 262 months imprisonment for distribution. The court also ordered a sixty-month concurrent sentence for the perjury count. The district court refused to adjust Tanksley's sentence downward, holding that Tanksley was neither a "minimal" nor a "minor" participant in the conspiracy.

Tanksley appeals the quantity of drugs attributed to him and the district court's refusal to enter a downward adjustment. Both questions involve factual determinations subject to clearly erroneous review on appeal. *See United States v. Adames*, 56 F.3d 737, 749 (7th Cir.1995) (drug quantity), *cert. denied*, — U.S. —, 116 S.Ct. 2512, 135 L.Ed.2d 201 (1996); *United States v. Lawson*, 947 F.2d 849, 851 (7th Cir.1991) (role in the conspiracy), *cert. denied*, 503 U.S. 948, 112 S.Ct. 1505, 117 L.Ed.2d 643 (1992). We will uphold these determinations unless, after reviewing the record, we are left with the firm conviction that a mistake has been made. *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); *United States v. Hoffman*, 957 F.2d 296, 300 (7th Cir.), *cert. denied*, 504 U.S. 960, 112 S.Ct. 2315, 119 L.Ed.2d 235 (1992).

The district court's quantity determination relied heavily on the testimony of a co-conspirator, Verilyn Roux. Tanksley suggests that because Roux was out of town for one week in question, Roux's testimony about quantity is unreliable. However, the district court modified its order and recalculated the quantity excluding the week in question. The court lowered the quantity from 1,500 grams to 1,250 grams for that very reason. We find that the district court made no mistake as to the quantity of drugs.

On Tanksley's second point, downward adjustments to the base-offense level for minor participants are to be used infrequently. *Precin v. United States*, 23 F.3d 1215, 1219 (7th Cir.1994). The application note to the guideline authorizing such an adjustment gives the example of a courier for a single transaction involving a small quantity of drugs. U.S.S.G. § 3B1.2 application note 2 (1995). By contrast, the record here shows that Tanksley was involved in cocaine sales totaling between $1,000 and $4,000 per day for several months. The district court was therefore not mistaken in refusing to

---

[*] Emilio M. Garza, Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation.

qualify Tanksley as a minimal or minor participant.

Accordingly, we AFFIRM.