116 F.3d 1483
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James E. BREWSTER, Defendant-Appellant.
 No. 96-4240.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 25, 1997.*
Decided June 26, 1997.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division, No. 1:96CR00085-001; Larry J. McKinney, Judge.
 Before CUMMINGS, BAUER, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 James E. Brewster pleaded guilty to one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the district court concluded that Brewster was not entitled to a two-level reduction under U.S.S.G. § 3B1.2(b) for being a minor participant and sentenced Brewster to 65 months' incarceration. Brewster appeals and we affirm.
 
 
 2
 Other participants in the relevant drug transactions, Alfonso Munoz and Molly Ville, agreed to conduct a controlled drug delivery in May 1996, after they were arrested while driving a pickup truck containing approximately 200 pounds of hidden marijuana. Noel Gaertner, Special Agent with the Drug Enforcement Administration (DEA), testified at sentencing that Munoz and Ville had also been involved in another drug delivery from Chicago to Muncie, Indiana, in February 1996. Both Munoz and Ville described the driver involved in the February 1996 drug transaction to the DEA agents. The driver's physical characteristics were consistent with defendant Brewster's appearance.
 
 
 3
 To set up the May 1996 controlled delivery, Munoz, Ville, and the truck containing the marijuana were taken to Muncie where their source from Tucson, Arizona, was expecting them. Munoz contacted their source and made arrangements for the controlled delivery. Munoz was then contacted by an individual who was going to pick up the truck. Shortly thereafter, Brewster arrived at the Muncie hotel and went to Munoz's room, where he obtained the truck's keys. Brewster then got into the truck and was arrested when he tried to start the engine, which had been disabled by law enforcement officers.
 
 
 4
 Brewster denied that he was the person involved in the February 1996 drug transaction, but stated that another man with similar physical characteristics was involved. If he had been involved in the February 1996 transaction, Brewster contends he played only a limited role in the drug conspiracy, that of a courier. Brewster maintains that there was no evidence that he planned either of the drug transactions, that he knew the source or the ultimate distribution of the marijuana, that he carried or exchanged money with anyone, or that he personally profited from the conspiracy.
 
 
 5
 The sole issue on appeal is whether the district court erred in not granting Brewster a reduction for being a "minor participant" under U.S.S.G. § 3B1.2(b). We review the district court's findings under § 3B1.2 for clear error. United States v. James, No. 96-2039, slip op. at 17 (7th Cir. May 12, 1997). We will only overturn a factual finding at sentencing if our review of the entire record leaves us with a firm conviction that a mistake has been made. United States v. Tanksley, 104 F.3d 924, 925 (7th Cir.1997).
 
 
 6
 As defined in the Sentencing Guidelines, a "minor participant" is entitled to a two-level reduction if the defendant can show that he was substantially less culpable than most of the other participants. United States v. Green, Nos. 95-3235, et al., slip op. at 10. (7th Cir. May 19, 1997); see also U.S.S.G. § 3B1.2(b), application note 3 & backg'd. The inquiry is not whether Brewster was a minor player in relation to the organization, but "whether he was minor in relation to the crime of which he was convicted." See United States v. Burnett, 66 F.3d 137, 140 (7th Cir.1995). Brewster has the burden of demonstrating his eligibility under § 3B1.2 by a preponderance of the evidence. United States v. Beltran, 109 F.3d 365, 370 (7th Cir.1997).
 
 
 7
 In its sentencing determination, the district court relied on the government witnesses' testimony, including Special Agent Gaertner, Ville, and Munoz, finding their testimony credible. The district court found that Munoz's disclosure of the February 1996 transaction, which implicated himself as well as Brewster, gave his testimony credence. The court also relied on Ville's testimony identifying Brewster as the driver involved in the February 1996 transaction. The district court concluded that the defense witnesses' testimony accounting for Brewster's whereabouts during February 1996 was not credible. Specifically, the court found the testimony of Brewster's coworker, Noel McKinney, was vague as to Brewster's work schedule during various weeks in February--March 1996. The testimony of the other defense witness, Brewster's employer Samuel Mercer, was also vague and inconsistent as to the dates Brewster worked for him and whether he and Brewster were in Arizona during the relevant time period of February--March 1996.
 
 
 8
 In addition, the district court found Brewster's earlier accounts of the drug transactions unreliable, specifically Brewster's description of another person involved in the February 1996 drug transaction, whom he claimed had similar physical characteristics to himself. The court concluded that the evidence indicated that Brewster was the contact person in Chicago during the February 1996 drug transaction and that Brewster was not honest about his role in the drug transactions. The court stated:
 
 
 9
 I find that there will be no adjustment for [ ] role in the offense because the activities that I find that you engaged in during the course of this conspiracy are not the kind of a minor or minimal player. You don't have to know everybody, don't have to plan it. You have to have an essential role in it, which I find that you had. I don't think this is just a question of somebody calling you up and saying, "Hey, go over and get a truck,"....
 
 
 10
 We give special deference to findings based upon credibility determinations; the district court's choice among competing witnesses is almost never clearly erroneous. See United States v. Green, Nos. 95-3235, et al., slip op. at 11. (7th Cir. May 19, 1997). Here, the district court's credibility determinations led to its conclusion that Brewster played more than a minor role in both the February and May 1996 drug transactions. In addition, Brewster's claim that he was a mere courier fails because a defendant's status as a courier does not automatically make him less culpable than the other participants involved, especially when--as here--more than one drug transaction occurred. See United States v. Osborne, 931 F.2d 1139, 1157-59 (7th Cir.1991) (transporting eleven ounces of cocaine in two separate trips indicates defendant played integral role in conspiracy).
 
 
 11
 We are not left with a firm conviction that a mistake has been made; therefore, the district court did not clearly err. Keeping in mind that district courts make downward adjustments under § 3B1.2 infrequently, see Tanksley, 104 F.3d at 925, the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)