**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 20, 2006[*]
Decided December 22, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 02-4371

| | |
|---|---|
| WILLIAM SPEENER, <br> *Petitioner-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | |
| | No. 00 C 573 |
| QUALA CHAMPAGNE, Warden, <br> *Respondent-Appellee.* | Patricia J. Gorence, <br> *Magistrate Judge.* |

**ORDER**

William Speener, who is serving a Wisconsin state court sentence, appeals from the district court's decision denying his petition for a writ of habeas corpus. He argues that his appellate counsel was ineffective for not raising in his post-conviction motion his trial counsel's failure to object to a read-back of testimony. We affirm.

Speener was convicted in 1995 by a Wisconsin state court of two counts of first-degree sexual assault of a child and one count of exposing his genitals. At trial

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

the victim's aunt, Guadalupe Olson, testified that her niece told her about being molested by Speener. During the deliberations, the jury sent notes to the judge asking if they could have Olson's testimony read back to them. The judge granted the request and had the court reporter read back the testimony. He apparently did so without consulting either Speener or the attorneys (there is no transcript of the read-back or the court's original response to the jury's request). When the parties returned to court for the reading of the verdict, the judge (this time in a transcribed conversation) informed the parties of the jury's request and his decision to grant it. The parties did not object to the court's action.

After his conviction Speener, now represented by new counsel, filed a post-conviction motion, as Wisconsin law requires him to do to preserve issues for his direct appeal. In this motion, Speener's new counsel raised several claims of error, but he did not argue that trial counsel was ineffective for failing to object to the read-back. The Wisconsin trial court denied the motion and the Court of Appeals of Wisconsin affirmed.

Speener then filed a pro se motion in the Wisconsin courts for collateral relief, arguing for the first time that his appellate counsel was ineffective for failing to raise the read-back issue. The Wisconsin trial court denied his motion, and the Court of Appeals of Wisconsin affirmed. Applying the decision of the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the appellate court found that Speener could not show that trial counsel was ineffective because he could not show that he was prejudiced by his trial counsel's failure to object. Specifically, it found that the court simply read back testimony that the jury had already heard, and Speener could not show a reasonable probability that the outcome of his trial would have been different if his counsel had objected, *see id.* at 694.

Speener then filed a petition for a writ of habeas corpus in the district court, which denied the petition on grounds similar to those cited by the Court of Appeals of Wisconsin.

Speener first argues that the Court of Appeals of Wisconsin unreasonably applied *Strickland* when it decided that he could not show prejudice. *See* 28 U.S.C. § 2254(d)(1); *see also Eckstein v. Kingston*, 460 F.3d 844, 848 (7th Cir. 2006). Specifically, he argues that the court should have found that he showed prejudice because, had he been informed of the jury's request, he would have objected on the grounds that Olson's testimony was false. But Speener had already had a chance to challenge Olson's credibility during cross-examination, and he does not explain how the read-back undermined his efforts in this respect.

Speener next asserts that he was prejudiced because the read-back was not transcribed, and therefore he does not know what was actually said. There is no record to reflect what section of Olson's testimony was read, if it was read correctly, if the court reporter read anything beyond what he or she was supposed to, or if the court reporter answered any juror questions about the read-back. In a similar case, *DeGrave v. United States*, 820 F.2d 870, 870–71 (7th Cir. 1987), we found such *ex parte* communications between the court and the jury can be "presumptively prejudicial," and remanded the case so the district court could conduct an evidentiary hearing on what occurred at the read-back. *Id.* at 872.

However, in this case, the absence of a record as to what was said during the read-back is partially Speener's fault. Unlike DeGrave, who made a pro se request during his direct appeal to expand the record to explore the jury-communication issue, Speener did not raise this issue until his collateral proceedings and even then he did not seek to develop the facts more fully. Although the state court record before us reflects that he sought a fact-finding hearing on his petition, he did not explain that he needed the hearing to determine what happened at the read-back, nor does he now argue that he was unfairly denied a hearing in state court. Speener has the burden of showing he was prejudiced under *Strickland*, 466 U.S. at 694; *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 1022 (2006), and this he has not done.

AFFIRMED.