NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued September 19, 2011
Decided July 19, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-1352

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:10-CR-40032 |
| LATOYA MCDANIEL, *Defendant-Appellant.* | J. Phil Gilbert, *Judge*. |

## O R D E R

Latoya McDaniel pled guilty to one charge of conspiring to distribute five grams or more of crack cocaine. She appeals the 120-month sentence she received and argues that the district court erred when it included purported personal use amounts in its drug quantity calculation. But any crack cocaine she received for her role as a runner and then consumed for her personal use was necessarily intertwined with the success of the conspiracy, and the district court did not err when it included those amounts. Next, McDaniel's Fifth and Sixth Amendment rights were not violated by the imposition of a mandatory minimum based on the quantity of drugs found by the judge at sentencing rather than on the amount charged in the indictment. McDaniel receives resentencing for another reason, however. The Supreme Court recently held that the Fair Sentencing Act's lower mandatory minimums apply to persons like McDaniel whose offense conduct occurred before the

Act but who were sentenced after it. Because she was sentenced under the pre-Act minimums, we vacate McDaniel's sentence and remand for resentencing.

## I. BACKGROUND

Latoya McDaniel was a runner in a crack cocaine distribution conspiracy. She was also a crack cocaine user. As payment for her role as a runner in the conspiracy, she received money and sometimes crack cocaine.

On June 8, 2010, a federal grand jury in Benton, Illinois returned a one-count indictment against McDaniel charging her with conspiring to knowingly and intentionally distribute and possess with intent to distribute five grams or more of crack cocaine. The indictment alleged that the conspiracy took place from approximately May 2007 through October 2009. The government did not file a 21 U.S.C. § 851 notice of intention to seek increased punishment by reason of prior conviction. On November 4, 2010, McDaniel entered an open plea of guilty and stated that she planned to dispute the drug quantity determination at the sentencing hearing. The judge informed her at the change of plea hearing that the statutory sentencing range would be five to forty years or zero to twenty years, depending on the applicability of the Fair Sentencing Act.

The Presentence Report concluded that McDaniel's relevant conduct included 266.7 grams of crack cocaine and that this amount triggered a ten-year statutory minimum under 21 U.S.C. §§ 841(b)(1)(A) and 846. McDaniel objected, contending that the relevant conduct calculation should not include the crack cocaine that she personally used. She also maintained that a five-year statutory minimum should apply to her rather than a ten-year minimum because the indictment only charged her with conspiring to distribute five or more grams of crack cocaine. At the sentencing hearing, the district court adopted the PSR's relevant conduct determination of 266.7 grams of crack cocaine. The resulting advisory guideline range was 78 to 97 months. After concluding that the applicable statutory mandatory minimum sentence was ten years, the district court imposed that term. She appeals her 120-month sentence.

## II. ANALYSIS

### A. Inclusion of Personal Use Amounts

The first question on appeal is whether the district court erred when it included in the drug quantity determination amounts of crack cocaine that McDaniel asserts were for her personal use. We review the district court's drug quantity calculation for clear error. *United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007).

To qualify as relevant conduct under the federal sentencing guidelines, an act must be "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *see United States v. Snook*, 60 F.3d 394, 395-96 (7th Cir. 1995). Relevant conduct includes acts and omissions "that occurred during the commission of the offense of conviction, in

preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1).

The PSR based its calculation of 266.7 grams on several pieces of information. These included conspiracy member Kenya Ganer's report that McDaniel was a runner who purchased at least two grams of crack cocaine from him every week for 18-24 months, which amounted to approximately 144 grams. McDaniel also admitted that she obtained approximately 118 grams from various persons involved in the conspiracy.

McDaniel's objection to drug quantity determination in the PSR and at sentencing did not indicate any specific amounts which she contended should not be included. Instead, she objected to the inclusion of all the drug amounts as personal use quantities. In any event, the district court did not err when it included the personal use amounts in the drug quantity determination. McDaniel's conviction was for conspiracy, and our decision in *Precin v. United States*, 23 F.3d 1215 (7th Cir. 1994), is instructive. There the defendant claimed that some of the 500 grams of cocaine for which he had been found responsible were for his personal use and had no effect on the conspiracy. Like McDaniel, the defendant in *Precin* obtained the personal use quantities in return for his role in the conspiracy. We said that regardless of whether the conspiracy paid the defendant in cash or in free drugs, distribution was still the role of the venture, and any cocaine that he received for his personal use "was necessarily intertwined with the success of the distribution." *Id.* at 1219.

Similarly, in *Snook*, we upheld the inclusion of amounts purportedly purchased for personal use from the defendant's supplier in a cocaine conspiracy. We emphasized that the defendant pled guilty to conspiracy with intent to distribute and stated that the amount he "personally consumed directly affected the conspiracy–the more [the defendant] used, the more he had to bank-roll his habit." 60 F.3d at 396.

A charge of possession rather than conspiracy would be different. We explained the distinction in *United States v. Wyss*, 147 F.3d 631, 632 (7th Cir. 1998), a case where the defendant had been convicted of possession with intent to distribute. We concluded it was improper for the district court to include amounts corresponding to the defendant's possession of cocaine for personal use when it sentenced him for possession with the intent to distribute. We said:

> The case would be different . . . if the charge were conspiracy rather than possession . . . . Suppose that X sells Y a kilogram of cocaine in circumstances that make Y a conspirator with X and not merely a buyer from him. The amount of drugs involved in the conspiracy is unaffected by the use that Y makes of the drugs. It makes no difference whether he sells the entire amount and buys drugs for his personal consumption on the open market with the proceeds or keeps a portion of the drugs to consume personally as compensation for his participation in the conspiracy.

*Id.* at 632. Here, the district court did not err when it included the crack cocaine that McDaniel received in return for being a runner in the conspiracy. When McDaniel received crack cocaine from her sources, she would redistribute some of the crack cocaine and use some for her personal use. As in *Precin*, the crack cocaine she received for her personal use was intertwined with the success of the conspiracy. The fact that her suppliers did not control how much of the cocaine would be used

by McDaniel personally "does not break the link between the personal-use cocaine and the conspiracy." *Snook*, 60 F.3d at 396. Under our precedent, there was no error in the drug quantity determination.

### B.      Mandatory Minimum Sentence

McDaniel also challenges whether the ten-year statutory minimum she received violates her rights under the Fifth and Sixth Amendments. She argues that because the indictment charged her with possessing "five grams or more" of crack cocaine, she should only be subject to the statutory mandatory minimum that corresponds to five grams of crack cocaine.

As McDaniel recognizes, however, the precedent is against her. In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Harris v. United States*, 536 U.S. 545, 568 (2002), the Supreme Court declined to extend *Apprendi* to statutory mandatory minimums, reasoning that a minimum does not expose defendants to greater potential for punishment. A judge can therefore make a factual finding at sentencing by the preponderance of the evidence standard that increases the penalty beyond the minimum. *McMillan v. Pennsylvania*, 477 U.S. 79, 91 (1986). We have noted the difficulty in reconciling *McMillan* with *Apprendi* but have recognized our obligation to follow Supreme Court precedent unless the Court explicitly overrules a case. *United States v. Krieger*, 628 F.3d 857, 869 (7th Cir. 2010).

Here, under the statute in effect at the time of the offense conduct, at least 50 grams of crack cocaine triggered a mandatory minimum sentence of ten years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2009). (Five grams of crack cocaine would have yielded a five-year mandatory minimum. 21 U.S.C. § 841(b)(1)(B)(iii) (2009)). The finding at sentencing of 266.7 grams therefore triggered a ten-year mandatory minimum under the statute in effect at the time of her conduct. Although McDaniel maintains this drug quantity determination should have been found by a jury or admitted by her, the Supreme Court has held otherwise, and there was no constitutional violation. *See Harris,* 536 U.S. at 558 ("Judicial factfinding in the course of selecting a sentence within the authorized range does not implicate the indictment, jury-trial, and reasonable-doubt components of the Fifth and Sixth Amendments.").

### C.      Fair Sentencing Act

The Supreme Court's recent decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), however, entitles McDaniel to resentencing. McDaniel was sentenced after the Fair Sentencing Act became law for offense conduct that occurred before it. McDaniel entered her plea of guilty in November 2010. At the change of plea hearing, the prosecutor informed the court that the government did not yet have a relevant conduct estimate. The prosecutor also stated that McDaniel would be sentenced under the new advisory guidelines for crack cocaine offenses. But because her conduct took place before the Fair Sentencing Act's passage, the government expressed its belief that if McDaniel possessed more than five grams of crack cocaine, her statutory range would be five to forty years. The district court informed McDaniel that her sentencing range based on the statute

in effect at the time she committed her offense was five to forty years' imprisonment. But, the court told her, if the Fair Sentencing Act applied, her sentencing range would be zero to twenty years.

At sentencing, the district court determined that 266.7 grams of crack cocaine combined with McDaniel's criminal history initially yielded an advisory guidelines range of 78 to 97 months. But, the court continued, her guidelines range was effectively 120 months because it found 120 months to be the statutory mandatory minimum. Under the pre-FSA version of the statute, 50 grams or more of crack cocaine triggered a 10-year mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2009). (The 266.7-gram quantity was apparently much higher than even the government had contemplated at the change of plea hearing; McDaniel does not contend her plea was involuntary because she was not informed then of a potential ten-year mandatory minimum sentence.)

The district court then heard presentations from both sides. McDaniel's counsel related, as the PSR had reported, the difficult circumstances of McDaniel's life. Her mother was a crack addict who abused and mistreated her. After she was taken from her mother, another family member sexually abused her for a number of years. McDaniel became addicted to crack cocaine as a teenager and became pregnant with the first of five children when she was fifteen. She recognized her addiction at the sentencing hearing and said she sought to change her life. The district court recognized McDaniel's difficult circumstances, expressed the opinion that some incarceration was necessary, and imposed a sentence of ten years, the term it had concluded was the minimum sentence authorized by statute.

While this appeal was pending, the Supreme Court held in *Dorsey* that the Fair Sentencing Act governs in all sentencing proceedings from its effective date forward, even if the offense conduct took place before the Act's effective date. The Fair Sentencing Act therefore applies to McDaniel. Under the Fair Sentencing Act, when as here no section 851 notice has been filed, a quantity of 280 grams of crack cocaine is necessary to trigger the ten-year mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2011). McDaniel's 266.7 grams, however, yields a lower mandatory minimum of five years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2011).

The issue of the Fair Sentencing Act's application was raised at McDaniel's change of plea hearing, although for reasons that are unclear it was not explicitly raised again at her sentencing. McDaniel also did not raise the issue in her briefing on appeal, but at the time of briefing our circuit's law was settled that the Fair Sentencing Act did not apply to her. Even under plain error review, McDaniel receives resentencing. The error is plain now in light of *Dorsey*. *See United States v. Moody*, 664 F.3d 164, 166 (7th Cir. 2011); *cf. United States v. Henderson*, 646 F.3d 223 (5th Cir. 2011), *cert. granted* (U.S. June 25, 2012) (No. 11-9307). And although the sentencing transcript reflects that the district court believed some imprisonment was in order for McDaniel, it may well have imposed a lower sentence if it had known the mandatory minimum was lower. We therefore vacate McDaniel's sentence and remand for resentencing. *See United States v. McLee*, 436 F.3d 751, 766 (7th Cir. 2006) (ordering a limited remand in light of *Booker* even though defendant did not specifically request resentencing); *see also United States v. Murphy*, 406 F.3d 857, 862 (7th Cir. 2005).

### III. CONCLUSION

We VACATE McDaniel's sentence and REMAND for resentencing consistent with *Dorsey* and the Fair Sentencing Act.