NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 28, 2013
Decided July 18, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-1032

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:10-cr-40032-JPG-1 |
| LATOYA M. MCDANIEL, *Defendant-Appellant.* | J. Phil Gilbert, *Judge*. |

**O R D E R**

On February 10, 2011, the district court sentenced Latoya McDaniel to 120 months' imprisonment for violating 21 U.S.C. §§ 841(b)(1)(A) and 846. While McDaniel's appeal of her sentence was pending, the Supreme Court decided *Dorsey v. United States*, 132 S. Ct. 2321 (2012). We concluded that *Dorsey* required McDaniel's original sentence to be reversed and remanded her case for resentencing on the grounds that McDaniel's applicable statutory minimum was 60 months, rather than 120 months. *United States v. McDaniel*, 489 Fed.Appx. 946 (7th Cir. July 19, 2012). On January 3, 2013, the district court resentenced McDaniel to 69 months'

imprisonment, which reflected a sentence of 78 months (on the low end of the advisory Guidelines range of 78-97 months) with 9 months' credit for time served on a related state case. McDaniel then appealed this sentence contending that the district court failed to give meaningful consideration to certain arguments in mitigation. *See* 18 U.S.C. § 3553(a).

McDaniel contends that the district court failed to address her argument regarding her attempt to cooperate. But a sentencing court is only required to address "principal" arguments that are "not so weak as to not merit discussion," *United States v. Villegas-Miranda*, 579 F.3d 798, 801 (7th Cir. 2009) (citation omitted), and McDaniel's counsel did not principally emphasize her cooperation attempts at the hearing. Instead, he focused extensively on the impact of the sentence on her family and her extraordinary physical impairment, raising the cooperation-attempt argument only briefly and tangentially towards the end of the proceedings. The argument therefore was not a "principal" one requiring discussion from the court. The court also did not need to address the argument because it was too weak to merit a response. *See United States v. Patrick*, 707 F.3d 815, 818-19 (7th Cir. 2013) (sentencing judge need not specifically address arguments that are "clearly without merit," that is, "if anyone acquainted with the facts would have known without being told why the judge had not accepted the argument" (internal alterations, quotation marks, and citation omitted)). Specifically, McDaniel's counsel admitted that McDaniel's proffers conflicted with one another, without attempting to elaborate upon why she was still entitled to mitigation based purely on her efforts or cooperative intent. So the district court's failure to address McDaniel's attempts at cooperation was not error.

McDaniel also contends that the district court failed to address her other three mitigation arguments regarding: (1) her post-offense rehabilitation efforts, (2) her extraordinary physical impairment (multiple sclerosis), and (3) the impact of the sentence on her family. However, the district court explicitly addressed all three of these arguments at sentencing, noting that McDaniel had "taken classes" and "tried to improve [herself]," observing that she had lost her parental rights over some of her children, and describing her "tragic medical condition" and her need for medical care.  "As long as a sentencing court considers the arguments made in mitigation, even if implicitly and imprecisely, the sentence imposed will be found to be reasonable." *United States v. Diekemper*, 604 F.3d 345, 355 (7th Cir. 2010). There was no procedural error with respect to these arguments.

AFFIRMED.